UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>PEPPIN PROPERTIES LLC, et al.,<br><br>Defendants. | Case No. 21-cv-06406-JST<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE**<br><br>Re: ECF Nos. 19, 22, 23, 25 |

Plaintiff Scott Johnson brings this action against Defendants Peppin Properties LLC and Panda Dumpling Inc. alleging violations of the federal Americans with Disabilities Act ("ADA") and state Unruh Act. The property at issue is now vacant, which the parties agree renders Johnson's ADA claim moot. ECF Nos. 19, 22, 23, 25.

"Federal courts are required sua sponte to examine jurisdictional issues such as standing." *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) (quoting *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999)). To establish standing, ADA plaintiffs "must demonstrate . . . an injury-in-fact, that the injury is traceable to the Store's actions, and that the injury can be redressed by a favorable decision." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 946 (2011) (en banc). Plaintiffs must have standing to sue "at each stage of the litigation." *Id.* Johnson concedes that he no longer has standing to seek injunctive relief under the ADA because, "with the closure of the subject business property, his injunctive relief sought is no longer redressable by this action." ECF No. 25 at 1. Because Johnson no longer has standing to sue for injunctive relief under the ADA, his ADA claim must be dismissed. *See United States v. Hays*, 515 U.S. 737, 747 (1995) (remanding with instructions to dismiss for lack of standing).

The Court declines to exercise supplemental jurisdiction over Johnson's remaining state-

law claim.  A district court "may decline to exercise supplemental jurisdiction" where "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  "The Supreme Court has stated, and [the Ninth Circuit has] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims.'"  *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 2007) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  Having dismissed Johnson's sole federal-law claim – the only claim over which the Court has original jurisdiction – the Court declines to exercise supplemental jurisdiction over Johnson's remaining state-law claim.

Because the Court declines to exercise supplemental jurisdiction over Johnson's remaining Unruh Act claim, the Court lacks subject-matter jurisdiction over this case.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  This action is accordingly dismissed without prejudice.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  December 8, 2022



_____
JON S. TIGAR
United States District Judge